# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 19-268-2

VERSUS                                      JUDGE DONALD E. WALTER

DEBORAH HAWTHORNE

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Deborah Hawthorne ("Hawthorne"). See Record Document 96. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Hawthorne. The Government opposes Hawthorne's motion. See Record Document 100. Based on the following, the motion for release is **DENIED**.

Hawthorne was charged in a two-count indictment with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine. See Record Document 1. Hawthorne pled guilty to conspiracy to possess with intent to distribute methamphetamine. On May 27, 2020, Hawthorne was sentenced by this Court to 132 months of imprisonment, which was 130 months below the lowest possible sentence of her calculated guideline range. Hawthorne is currently housed at Aliceville Federal Correctional Institution ("Aliceville FCI") and she has a projected release date of January 2029.

On February 22, 2021, Hawthorne filed a motion seeking compassionate release or, in the alternative, release to home confinement based on her assertion that her Chronic Obstructive Pulmonary Disease ("COPD") and Fahr's Disease make her particularly susceptible to becoming seriously ill if she contracted COVID-19. Record Document 96. Hawthorne advised in later filings with the Court that she also suffers from asthma, post-traumatic stress disorder, high blood

pressure, and a heart murmur. See Record Documents 113-14. The Government concedes that Hawthorne has exhausted her administrative remedies. See Record Document 100 at 4; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Hawthorne's motion fails on the merits. See Record Document 171. The Government contends that Hawthorne has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Although Hawthorne asserts that she is entitled to compassionate release based on her previously listed medical conditions, her medical records reveal that she has received both doses of the COVID-19 vaccine. See Record Document 115, Ex. 1. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Hawthorne's release. See Record Document 103.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

2

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[1] However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

---

[1] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 195,504 doses of the vaccine. See www.bop.gov/coronavirus (last updated 6/21/21). In fact, medical records reveal that Hawthorne received both doses of the Pfizer COVID-19 vaccine as of March 30, 2021. See Record Document 115, Ex. 1. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Hawthorne, have been vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). In light of this, Hawthorne has failed to establish that extraordinary and compelling reasons exist to release her from prison.

The Court has also looked at the presence of COVID-19 at Aliceville FCI. There are zero inmates and staff members who are currently testing positive out of 1,228 total inmates.[2] http://www.bop.gov/coronavirus (last updated 6/23/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020). Hawthorne has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally,

---

[2] No inmates or staff died from the virus. However, there are 99 inmates and 17 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/23/21).

4

Hawthorne has not shown that the BOP is currently unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[3] Considering that Hawthorne has received both doses of the COVID vaccine and the low number of COVID cases at Aliceville FCI, she has failed to establish the existence of sufficient reasons based on her medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Hawthorne has not met her burden.

Even assuming that Hawthorne had identified extraordinary and compelling reasons, she is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Hawthorne has not demonstrated that she qualifies for compassionate release under these guidelines. First, as previously mentioned, Hawthorne was sentenced in this Court for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine.

---

[3] Hawthorne also requested release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

Hawthorne has a significant criminal history, including at least eight prior felony convictions, including drug crimes, possession of a firearm by a convicted felon, theft, forgery and illegal possession of stolen items. Hawthorne continued to commit crimes and violate the conditions of her parole after having received the benefit of lenient sentences and parole opportunities. Furthermore, she has served less than two years of imprisonment—far beyond the ten-year mandatory minimum for which she was convicted. Finally, she has already received a substantial downward deviation at sentencing. In light of these, and other facts, to reduce Hawthorne's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Hawthorne's sentence

The Court shares Hawthorne's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk. The BOP currently has 7,181 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 27,049. https://www.bop.gov/coronavirus/ (last updated 6/21/2021).

For the foregoing reasons, **IT IS ORDERED** that Hawthorne's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 25th day of June, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE