UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0268-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| DEBORAH HAWTHORNE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a renewed motion for compassionate release filed pro se by the defendant, Deborah Hawthorne ("Hawthorne). See Record Document 118. The Government opposes the motion. See Record Document 120. Based on the following, the renewed motion for release is **DENIED** as premature.[1]

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –
>
>   (1) in any case –
>
>   (A) the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1] In the alternative, Hawthorne requests release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons ("BOP"). See 18 U.S.C. § 3621(b); United States v. Read-Forbes, No. 12-20099-01, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

>    imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>    (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and sets forth no exceptions to the statutory exhaustion requirement. Here, Hawthorne states that she exhausted her administrative remedies through the Warden on November 26, 2021. See Record Document 118. However, she failed to provide any documentation in support of this assertion. In addition, the Government states that it "recently contacted the BOP concerning whether the defendant made a recent request for a reduction of sentence. The BOP advised that the last request made by this defendant was on December 16, 2020." Record Document 120 at 7.

Applying this statute, this Court finds that Hawthorne's motion is premature at this time.[2] "The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [the] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Hawthorne] first make [her] request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020). As was well-stated by the Third Circuit:

>    We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [Hawthorne]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering

---

[2] District courts have held that "[i]f the defendant is filing a second or renewed motion for compassionate release based on new or additional allegations not included in the original motion, the defendant must again exhaust [] administrative remedies." United States v. Mills, No. 17-124, 2021 WL 372811, at *2 (S.D. W. Va. Feb. 3, 2021) (citing United States v. Read-Forbes, No. 12-20099-1, 2020 WL 4726685, at *3 (D. Kan. Aug. 13, 2020); United States v. Adkins, No. 10-10, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020)).

> BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Franco, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020) ("[W]e must determine whether [the] statutory requirement is mandatory.  We join the other three circuits that have faced the question and conclude that it is." (citing United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020), Raia, 954, F.3d at 597, and United States v. Springer, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020)).  Therefore, the proper course to follow is to allow BOP's established process a chance to work.

Accordingly, Hawthorne's motion for compassionate release is **DENIED** as premature. Hawthorne may re-urge such motion if she exhausts her administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of January, 2022.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3